United States District Court
Southern District of Texas

**ENTERED**

April 24, 2023

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK PETER PRYCE-LATTY, JR., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-1216 |
| | § | |
| DHI MORTGAGE COMPANY, LTD., | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff has sued Defendant alleging violations of the Truth in Lending Act in connection with the January 31, 2022 closing of his home mortgage loan. ECF 19. Pending before the Court are Plaintiff's Motion for Declaratory and Injunction Relief (ECF 20) and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF 22).

The Court must construe a pro se Plaintiff's pleadings liberally. *Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 744 (S.D. Tex. 2021) (pro se filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." (citations omitted)). For that reason, the Court construes Plaintiff's Motion for Declaratory and Injunctive Relief as a supplement

to the Amended Complaint and the documents attached thereto to be exhibits to the Amended Complaint.[1]

Having reviewed the parties' submissions and the law, the Court recommends Defendant's Motion be GRANTED, Plaintiff's Motion be DENIED, and Plaintiff's claims be dismissed with prejudice.

## I.      Procedural Background

Plaintiff, proceeding pro se and in forma pauperis, initiated this case by filing a Complaint on April 13, 2022.  ECF 1.  Plaintiff asserted claims against his mortgage lender, Defendant DHI Mortgage Company, Ltd. (DHI), for violations of the Truth in Lending Act (TILA).  ECF 1 at 3.  DHI filed a Motion to Dismiss, in response to which Plaintiff filed a Motion for Leave to Amend.  ECF 5; ECF 17. The Court held an initial conference on August 15, 2022, at which it granted Plaintiff leave to file an amended complaint; set a deadline for him to do so; denied the Motion to Dismiss without prejudice to refiling after Plaintiff filed his Amended Complaint; and stayed further discovery pending ruling on the Motion to Dismiss. ECF 18.  Plaintiff timely filed his Proposed Amended Complaint (ECF 19), which constitutes Plaintiff's operative pleading, as supplemented by the Motion for Declaratory and Injunctive Relief.  *See Stewart v. City of Houston Police Dep't*, 372

---

[1] Defendant's Response to the Motion for Declaratory and Injunctive Relief is substantially the same as its pending Motion to Dismiss.  *See* ECF 23.

2

F. App'x 475, 478 (5th Cir. 2010) (holding that plaintiff's claim was abandoned because "an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Defendant timely filed its renewed Motion to Dismiss, which is ripe for determination. ECF 22; ECF 24; ECF 26.

## II.    Motion to Dismiss Standards

Defendant DHI moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Rule 8(a) requires a pleading to contain a "short and plain" statement of claims showing the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) and Rule 8(a) must be read in conjunction and together require a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Snap, Inc.*, No. CV H-22-590, 2022 WL 16635370, at *3 (S.D. Tex. Nov. 2, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding,*

*Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  See FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  As noted above, the Court will consider the documents attached to Plaintiff's Motion for Declaratory and Injunctive Relief as exhibits to his Amended Complaint.  *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (confirming that "a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (citation omitted)).

### III.    Plaintiff's Allegations and Claims

On January 31, 2022, Plaintiff, as borrower, and DHI, as lender, closed on a 30-year mortgage loan in the principal amount of $289,600.00 secured by a deed of trust on property located at 2908 Gunnersbury Dr., Houston, Texas 777047.  ECF 20-2; ECF 20-3.   Plaintiff paid $17,029.19 in cash at closing, which included $13,873.72 in closing costs.  ECF 20-1 at 6.  The closing costs consisted of $8,840.30 in loan costs and $5,033.42 in other costs.  *Id.*  The closing costs included 12 months of mortgage insurance premiums and 12 months of homeowners insurance premiums.  *Id.* at 7.  Plaintiff was informed at closing that his monthly payment would include a $187.86 monthly mortgage insurance premium plus a monthly escrow charge of $269.73 comprised of a monthly assessment for property taxes and homeowners insurance premiums.  *Id.* at 6.  The Closing Disclosure Statement also informed Plaintiff that the total Finance Charge, i.e., "[t]he dollar amount the loan will cost you," would be $180,474.56.  *Id.* at 10.  Plaintiff was further informed that the Annual Percentage Rate (APR), which is the "costs over the loan term expressed as a rate" and is not the interest rate, would be 3.698%.  *Id.*  Two days after closing, Plaintiff sent DHI a notice of rescission of the loan.  ECF 19 at 6.

Construed liberally, Plaintiff's Amended Complaint asserts four claims against DHI for violations of the Truth in Lending Act in connection with his mortgage loan:  (1) violation of 15 U.S.C. § 1605(a)(5) by not including in the

finance charge premiums for insurance to "protect DHI against [Plaintiff's] default on his property or other credit loss;" (2) violation of § 1605(b) by not including in the finance charge premiums for life, accident, or health insurance;  (3) violation of § 1605(c) by not including in the finance charge premiums for "hazard insurance" or disclosing  the cost of such insurance; and (4) violation of 15 U.S.C. § 1635 by not respecting his February 2, 2022 notice of rescission and not returning his earnest money and down payment and terminating the security interest created by the deed of trust.  ECF 19.  Plaintiff seeks relief under 15 U.S.C. § 1640 in the amount of $360,949.12 (twice the total finance charge of $180,474.56), actual damages of $115,200.00, and rescission of the loan and cancellation of the deed of trust.  *Id.* at 6-7.

### III.    Grounds for Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claims should be dismissed because he fails to plead sufficient facts to support plausible claims for breach of the TILA.

### A. Failure to Include Credit Insurance Premiums for Protection of Creditor

TILA § 1605(a)(5) requires a creditor to include in the finance charge disclosed at closing the "[p]remium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or credit loss."  DHI argues that Plaintiff fails to state a claim for violation of § 1605(a) because he does not allege a basic element of such a claim—that he was charged a premium for private mortgage

6

insurance to protect the creditor.  *See* ECF 22 at 15.  Plaintiff's Amended Complaint is subject to dismissal for this reason.  But even if such an allegation could be reasonably inferred from the Amended Complaint, Plaintiff's allegation that a premium for credit loss insurance was not included in the finance charge is contradicted by the Closing Disclosure Statement clearly showing that Plaintiff's monthly payments would include a $187.86 monthly private mortgage insurance premium, which was identified as a "loan cost," and thus included in the $180,474.56 finance charge.  ECF 20-1.  Therefore, Defendant's motion to dismiss Plaintiff's claim for a violation of § 1605(a)(5) regarding credit loss or mortgage insurance should be granted.

## B. Failure to Include Life, Accident, or Health Insurance in Finance Charge

TILA § 1605(b) requires that premiums for life, accident, or health insurance be included in the finance charge.  Of course, § 1605(b) does not require a lender to to include premiums for life, accident, or health insurance in the finance charge if the lender does not charge the borrower for such premiums.  Plaintiff does not allege that DHI charged him any such premiums and thus Plaintiff's pleading fails to state a claim for relief under § 1605(b).  Moreover, any such allegation is contradicted by the Closing Disclosure Statement, which itemizes all loan costs and other charges and does not include a premium for life, accident, or health insurance.  ECF 20-1.  Therefore, Defendant's motion to dismiss Plaintiff's claim for a violation of §

1065(b) based on failure to include life, accident, or health insurance premiums in the finance charge should be granted.

### C. Failure to Include Homeowners Insurance Premiums in Finance Charge

The Court construes Plaintiff's reference to "hazard" insurance to mean homeowners insurance. ECF 19 at 5. The TILA requires premiums for homeowners insurance written in connection with a mortgage to be included in the finance charge unless:

> a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained.

15 U.S.C. § 1605(c) (emphasis added). In addition, the regulation implementing the TILA, known as Regulation Z, allows homeowners insurance premiums to be excluded from the finance charge if "[t]he insurance coverage may be obtained from a person of the consumer's choice, and this fact is disclosed." 12 C.F.R. s 1026.4(d)(2)(i). Therefore, under TILA, a lender is not required to include insurance premiums in the finance charge if the borrower is allowed to choose the insurance provider and is notified of that fact. *Id.*

Defendant points out that Plaintiff's Amended Complaint does not allege that "he was not allowed to obtain insurance coverage from a person of his choice or that the opportunity to choose was not disclosed to him." ECF 22 at 13. Plaintiff's claim

is subject to dismissal on this basis.  Furthermore, it is not appropriate to grant Plaintiff another opportunity to amend his complaint because on October 1, 2021 Plaintiff signed a document titled "Freedom to Choose Insurance Company and Insurance Professional" informing him that he could purchase insurance from the insurance company, agent, solicitor, or broker of his choice, and by signing he acknowledged that he had "read, understood, and received a copy of this disclosure." ECF 5-3.  Although the Freedom to Choose disclosure is not attached to the Amended Complaint or Defendant's Motion to Dismiss and thus is not before the Court for purposes of deciding whether Plaintiff's Amended Complaint states a plausible claim for relief under Rule 12(b)(6), it is relevant to the Court's conclusion that leave to amend would be futile.  Plaintiff is fully aware of the document, as he confirms in his Amended Complaint that "he has copies of his entire mortgage file form DHI," (ECF 19 at 3), and it was attached to Defendant's first Motion to Dismiss (ECF 5), and he has never refuted its authenticity or accuracy.

Moreover, to the extent Plaintiff's claim for violation of § 1605(c) is based on DHI's alleged failure to disclose the cost of insurance, it is contradicted by the Closing Disclosure Statement, which informs Plaintiff that the annual cost of insurance was $1,570.00 and that a premium for homeowner's insurance would be included in the escrow portion of his monthly payment. ECF 20-1 at 6, 7.  Therefore,

Defendant's motion to dismiss Plaintiff's claim for a violation of § 1605(c) related to hazard, or homeowners, insurance should be granted.

### D. Failure to Rescind the Mortgage Loan Transaction

TILA § 1635 provides that borrowers have to the right to rescind certain credit transactions within three days. Plaintiff alleges that DHI has violated § 1635 because he mailed a notice of rescission on February 2, 2022, two days after the January 31, 2022 closing. ECF 19 at 6. However, § 1635 does not apply to residential mortgage transactions like the one at issue here. 15 U.S.C. § 1635(e) (exempting residential mortgage transactions from the right of rescission). Plaintiff contends that his loan is not exempted by § 1635(e) because it was not an "acquisition agreement" but was a loan intended to purchase a "home for personal, family, and household use only." ECF 20 at 4. But that is exactly the kind of loan covered by the § 1635(e) exemption. *See* 15 U.S.C. § 1602(x) (defining "residential mortgage transaction" as one "in which a mortgage, deed of trust, . . . or equivalent consensual security interest is created or retained against the consumers dwelling to finance the acquisition or initial construction of such dwelling."). Therefore, Defendant's motion to dismiss Plaintiff's claim for violation of § 1635 should be granted.

## IV.    Plaintiff's Motion for Declaratory and Injunctive Relief

As explained above, the Court has construed Plaintiff's Motion as a supplemental complaint.  However, to the extent it is also a motion for affirmative relief, it should be denied.

Plaintiff's request for declaratory and injunction relief is dependent on his ability to state a claim for relief.  *See Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) (holding that request for declaratory relief cannot stand after substantive claim is dismissed); *Payrovi v. Wells Fargo Bank, NA*, No. 4:17-CV-02480, 2017 WL 4950066, at *3 (S.D. Tex. Oct. 31, 2017) (holding that plaintiff's derivative claims for declaratory relief and permanent injunction do not survive dismissal of substantive claims).  Therefore, the Court's recommendation on Defendant's Motion to Dismiss is dispositive.  Plaintiff's Motion for Declaratory and Injunctive Relief should be denied.

## V.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 22) be GRANTED and Plaintiff's Motion for Declaratory and Injunctive Relief (ECF 20) be DENIED.  The Court further RECOMMENDS that Plaintiff's claims be dismissed with prejudice because he previously has been given an opportunity to amend his complaint and further amendments would be futile. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div*., 710 F. App'x 625,

627 (5th Cir. 2017) (holding that district court did not abuse discretion in denying pro se leave to amend where she had already pleaded her best case and amendment would be futile).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 24, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge